# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ILLINOIS NATIONAL INSURANCE CO,<br><br>Plaintiff,<br><br>v.<br><br>R. COMMUNICATIONS, INC.,<br><br>Defendant. | 1:13-cv-1167-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant R. Communications, Inc.'s ("RC") Motion for Leave to File Motion for Summary Judgment [38] ("Motion for Leave").

## I.   BACKGROUND

On April 9, 2013, Plaintiff Illinois National Insurance Co. ("Illinois National," and, together with RC, the "Parties") filed its Complaint [1] against RC. The Complaint asserted that Illinois National was a citizen of New York and RC was a citizen of Georgia, and that the amount in controversy was $425,000 in allegedly unpaid insurance premiums. (Complaint ¶¶ 1-3, 13). Illinois National asserted that the Court had jurisdiction to adjudicate this matter pursuant to 28 U.S.C. § 1332. (Id. ¶ 4).

On February 26, 2014, the Court granted [28] an extension to the period in which to complete discovery, extending the deadline to April 11, 2014. On August 7, 2014, the Parties filed their Proposed Pretrial Order [36], in which RC asserted "that the amount of controversy for this matter to be heard before this Court is less than the required Seventy-Five Thousand ($75,000.00), and the Court therefore lacks subject matter jurisdiction necessary to hear this matter." (Proposed Pretrial Order ¶ 4).

On September 5, 2014, RC filed its Motion for Leave, requesting the Court's permission to file a motion for summary judgment. RC asserts that, "[t]hrough discovery, [RC] has obtained information that may be dispositive of this matter as it relates to the subject matter jurisdiction of this Court . . . ." (Motion for Leave at 2).[1]

## II. DISCUSSION

"Motions for summary judgment shall be filed as soon as possible, but, unless otherwise ordered by the court, not later than thirty (30) days after the close of discovery, as established by the expiration of the original or extended discovery period or by written notice of all counsel, filed with the court, indicating that

---

[1] On September 19, 2014, Illinois National filed its Response [40] to the Motion for Leave and its Amended Response [41] to the Motion for Leave. RC did not file a reply brief.

discovery was completed earlier." LR 56.1 D., NDGa.[2] In this case, discovery closed on April 11, 2014, and the deadline to file motions for summary judgment expired on May 12, 2014.

A district court is required to issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b). The district court's order controls "the course of the action . . . ," Fed. R. Civ. P. 16(d), and may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A district court retains "broad discretion in deciding ... whether to consider untimely motions for summary judgment." Enwonwu v. Fulton–Dekalb Hosp. Auth., 286 Fed. App'x. 586, 595 (11th Cir.2008) (internal quotations marks and citation omitted). "Under Rule 16(b)(4), the party seeking to extend a deadline bears the burden of demonstrating good cause for modifying the uniform-scheduling order; otherwise, a party's lack of diligence and failure to notify the court of delays 'would render scheduling orders meaningless.'" McClaney v. Macon Cnty. Bd. of Educ., 10-cv-219, 2011 WL 9015, at *2 (M.D. Ala. Jan. 3, 2011) (citing Sosa v. Airprint Sys., 133 F.3d 1417, 1419 (11th Cir. 1998)).

---

[2] Federal Rule of Civil Procedure 56 similarly provides "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b).

In this case, the Court set April 11, 2014 as the deadline to complete discovery. Pursuant to the Local Rules, RC had until May 12, 2014 to file a motion for summary judgment. Rather than do so, RC, nearly four months after the deadline to file motions for summary judgment expired, requests leave to file a motion for summary judgment. RC's Motion for Leave does not contain any explanation for its delay or why it was unable to file a motion for summary judgment within the thirty days provided by the Local Rules, and does not contain a basis upon which the Court can find that good cause exists to modify the deadline set by the Local Rules.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant R. Communications, Inc.'s Motion for Leave to File Motion for Summary Judgment [38] is **DENIED**.

**SO ORDERED** this 22nd day of October, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE